UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| VERTEX FAB & DESIGN, LLC, ) | CHAPTER 7 |
| ) | CASE NO. 15-11803-JNF |
| Debtor. ) | |

**CHAPTER 7 TRUSTEE'S MOTION FOR THE ENTRY OF
AN ORDER APPROVING THE STIPULATION REGARDING
DISPOSITION OF EQUIPMENT FORMERLY UNDER
LEASE TO VERTEX FAB & DESIGN LLC**

Donald Lassman, the duly-appointed Chapter 7 Trustee of the above-captioned bankruptcy estate (the "Trustee") hereby moves this Court for the entry of an Order approving the Stipulation Regarding Disposition of Equipment Formerly Leased to Vertex Fab & Design LLC (the "Stipulation").

In support thereof, the Trustee states:

1. On May 5, 2015, Vertex Fab & Design, LLC (the "Debtor") filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code (the "Petition Date").

2. On May 6, 2015, the Trustee was appointed as the Chapter 7 trustee of the bankruptcy estate of the Debtor.

3. In or about May of 2012, the Debtor leased all machinery and equipment used and useful in the operation of the Debtor's business (the "Equipment") from Recovery Capital LLC ("Recovery Capital") pursuant to the terms of a written Equipment Lease dated as of May 1, 2012 (the "Equipment Lease").

4. Some portion of the Equipment remains installed and located on site in a building at 29 Abbey Lane, in Middleboro, Massachusetts.

5. Recovery Capital claims ownership of the Equipment, and by letter dated on about January 20, 2015, took action to terminate the Equipment Lease as a result of certain payment defaults by the Debtor.

6. The Trustee has raised questions about Recovery Capital's claim of ownership of the Equipment, including whether the Equipment Lease is a "true lease" or merely a security agreement.

7. The Trustee and Recovery Capital have negotiated the terms of a settlement of all disputes relating to ownership of the Equipment and amounts due under the Equipment Lease. The terms of this settlement are contained in the Stipulation.

8. In general the Stipulation provides: (a) the Trustee may sell the Equipment to the highest and best bidders; (b) after deducting certain sale related costs from the proceeds of the sale of the Equipment (the "Net Sale Proceeds") the Trustee will receive the greater of $50,000, or 25% of the Net Sale Proceeds and the remaining of the Net Sale Proceeds will be paid to Recovery Capital ("Recovery Capital's Share"); (c) out of Recovery Capital's Share, Recovery Capital will loan the Trustee the sum of $50,000 (the "Loan"); (d) the Loan will only be repaid from any recovery the Trustee obtains from any litigation asserting, among other things avoidance actions under §§ 547 and 548, and repayment will be on a 50/50 shared basis with the bankruptcy estate; (e) the Trustee's repayment obligation will be secured by a superpriority lien (the "Lien") in favor of Recovery Capital and Recovery Capital's claim will have administrative priority over any and all other claims; and (f) the Trustee agrees not to dispute Recovery Capital's general unsecured claim in the amount of $252,000, less any of the Net Sales Proceeds paid to Recovery Capital.

9. The Trustee believes that the Stipulation is in the best interests of the bankruptcy estate. The Equipment Lease specifically provides that "the Equipment shall remain personal property at all times . . . and title shall at all times continue in (Recovery Capital)". The Trustee has been presented with evidence that the Equipment Lease was properly terminated prior to the Petition Date.

10. While the Trustee believes that he could assert claims which may call into question whether the Equipment is in fact property of the bankruptcy estate, given the cost of bringing such a proceeding and the express terms contained in the Equipment Lease, the Trustee feels that the Stipulation which guarantees that the bankruptcy estate will receive $50,000 and obtain a no interest loan for an additional $50,000 is in the best interests of the bankruptcy estate.

WHEREFORE, Donald Lassman, the Chapter 7 Trustee of the above captioned bankruptcy estate, respectfully requests that this Court enter an Order allowing the Stipulation.

Respectfully submitted,

DONALD LASSMAN, CHAPTER 7 TRUSTEE OF
THE ESTATE OF VERTEX FAB & DESIGN, LLC,

By his attorneys,

/s/ Ashley S. Whyman
Mark G. DeGiacomo, Esq. BBO #118170
Ashley S. Whyman, Esq. BBO#670507
Murtha Cullina LLP
99 High Street
Boston, MA  02110
617-457-4000 Telephone
617-482-3868 Facsimile
mdegiacomo@murthalaw.com
awhyman@murthalaw.com

Dated:  August 3, 2015