UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>VERTEX FAB & DESIGN, LLC,<br><br>Debtor. | CHAPTER 7<br><br>CASE NO. 15-11803-JNF |

## ORDER AUTHORIZING AND APPROVING CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO SELL BY PRIVATE SALE CERTAIN PROPERTY OF THE BANKRUPTCY ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS AND FOR ORDER CONCERNING ACCESS TO PREMISES

THIS MATTER having come before the Court on the Chapter 7 Trustee's Motion for

Authority to Sell By Private Sale Certain Property of the Bankruptcy Estate Free and Clear of all

Liens, Claims and Encumbrances and for Order Concerning Access to Premises [Docket No. 26]

(the "Sale Motion")[1] filed on behalf of Donald Lassman, the Chapter 7 Trustee (the "Trustee") of

the bankruptcy estate of Vertex Fab & Design, LLC (the "Debtor") and on the Objection of

Tendco R&D ("Tendco") to the Sale Motion [Docket No. 35], due and sufficient notice of the

Sale Motion and the Notice of Intended Private Sale of Property, Solicitation of Counteroffers,

Deadline for Submitting Objections and Higher Offers and Hearing Date [Docket No. 32] (the

"Sale Notice") having been given to all parties in interest pursuant to 11 U.S.C. § 363, Rules

2002(a)(2) and 6004 of the Federal Rules of Bankruptcy Procedure, and MLBR 2002-5 and

6004-1(c), and an opportunity to be heard and good cause appearing therefor;

IT IS HEREBY FOUND AND DETERMINED THAT:

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Sale Motion unless otherwise indicated.

6337289v3

1.      The Court has jurisdiction to grant the relief requested in the Sale Motion

pursuant to 28 U.S.C §§ 157 and 1334, and the Sale Motion constitutes a core proceeding within

the meaning of 28 U.S.C. § 157(b).

2.      Venue of this case in this District is proper pursuant to 28 U.S.C. §§ 1408 and

1409.

3.      The statutory predicates for the relief requested herein include Section 363 of the

Bankruptcy Code, Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure and

MLBR 2002-5 and 6004-1.

4.      Proper, timely, adequate and sufficient notice of the Sale Motion and Sale Notice

has been provided in accordance with Section 363 of the Bankruptcy Code and Bankruptcy

Rules 2002 and 6004 and no other further notice of the Sale Motion, the Sale Notice, or entry of

this Order is required.

5.      The approval of the Sale Motion is in the best interests of the Debtor's estate, its

creditors and other parties in interest.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

A.      The Sale Motion is granted in its entirety, subject to the conditions set forth

below.

B.      The Sale Notice is approved.

C.      The Trustee is authorized to sell the Assets to Heath Industrial Appraisal Services,

Inc. (the "Buyer"), pursuant to the terms of the Sale Notice and the Asset Purchase Agreement

for a purchase price of: (i) an initial payment of $207,000.00, plus (ii) payment to the Trustee of

95% of the proceeds in excess of $207,000.00 received by the Buyer from its public auction of

the Assets (the "Auction") after reimbursement of the Buyer's actual advertising and personal

expenses (not to exceed $20,000.00) related to the Auction and subject to any adjustments agreed

to by the Trustee and the Buyer.

D.      The sale of the Assets shall be free and clear of all liens, claims, encumbrances

and interests with all liens, claims, encumbrances and interests attaching to the proceeds of the

sale to the same extent and in the same order of priority as such liens, claims, encumbrances and

interests attached to the Assets pursuant to state law.

E.      The sale of the Assets by private sale is a legal, valid and effective transfer of the

Assets.

F.      The Trustee is authorized to pay the holders of all perfected, enforceable, valid

and undisputed liens on the Assets from the sale proceeds without further Court Order and

reserves all rights with respect to the validity, priority and extent of any such secured claims.

G.      The holder of any perfected, enforceable, valid and undisputed lien on the Assets

is authorized to pay the Trustee or his counsel any agreed upon amount due pursuant to Section

506(c) of the Bankruptcy Code without further Court Order.

H.      The Trustee is authorized to pay Recovery Capital LLC (the "Recovery Capital")

from the proceeds of the sale pursuant to the Court's Order approving the Stipulation between

the Trustee and Recovery Capital regarding the disposition of the Assets.[2]

I.      The Auction will take place on or before the 45th day after entry of this Order.

J.      The Buyer is authorized to conduct the Auction at the Premises subject to the

following conditions: (1) the Buyer will provide safety goggles for all persons attending the

Auction, (2) the Buyer will affix yellow caution tape to the areas between Bay 2 and Bay 3 of the

Premises at all times during pre-Auction set-up, during the Auction and during the removal of

the Assets, (3) at least two employees or personnel of the Buyer will be present during the

---

[2] The Stipulation referred to in Paragraph H was filed by the Trustee on August 3, 2015 at Docket No. 27.

Auction for the sole purpose of ensuring that attendees remain in Bays 1 and 2 throughout the Auction, and an announcement will be made at the onset of the Auction that attendees are not permitted in Bays 3 through 6 of the Premises.

K.      All advertisements for the Auction shall specifically state "the auction is for equipment and property of the Chapter 7 estate of Vertex Fab & Design, LLC held at the location of the Landlord (Tendco R&D Corp.) with its consent. It is specifically not for any equipment or property owned by the Landlord or its tenants operating at the Landlord's property."

L.      Tendco shall provide access to the Premises to the Buyer in accordance with Paragraph 7 of the Asset Purchase Agreement.

M.      Removal of the Assets from the Premises shall be conducted in a workmanlike manner, consistent with industry practice. All fluids (including oil and gasoline) will be drained from the Assets prior to removal. Any Assets requiring disassembling and moving will be done at the expense of the purchaser from the Buyer at Auction who shall provide a commercial general liability (combined single limit occurrence) certificate of insurance naming the Trustee, the Buyer and Tendco as additional insured in a minimum amount of $1,000,000.00 (the "Insurance Requirement"). The Buyer will include the Insurance Requirement in its terms of sale for the Auction and will announce the Insurance Requirement prior to the start of the Auction.

N.      Buyer shall name the Trustee and Tendco as additional insured or loss payees under its blanket commercial general liability insurance policy and under its worker's compensation insurance policy (which it will carry in the statutory amounts). Buyer shall indemnify the Trustee and Tendco for any loss, damage or destruction of the Assets or the Premises arising out of or related to Buyer's activities on the Premises.

6337289v3                                              4

O.      The Trustee, at the bankruptcy estate's own expense and by use of his own contractor (the "Trustee's Contractor"), will repair the damage to the Premises caused by the removal of the Assets, as required by law (the "Repair Work"). The Trustee's Contractor must carry commercial general liability insurance and workers' compensation insurance in the statutory amounts. The Trustee's Contractor must name the Trustee and Tendco as additional insured under its commercial general liability insurance policy. Within seven (7) days of being provided with the name of the Trustee's Contractor and the scope of the work, Tendco shall have the right to approve the Trustee's Contractor and the proposed scope of the work, which approval will not be unreasonably withheld. The Trustee will not be responsible for the repair of any damage to the Premises unrelated to the removal, including any damage caused by the Debtor. Upon payment by the Trustee to the Trustee's Contractor after completion of the Repair Work, the Trustee's Contractor shall provide the Trustee and Tendco with a signed Waiver of Lien and Claims, in the form attached hereto as Exhibit A. In the event that there are issues with the Repair Work after its completion, Tendco's sole remedy shall be against the Trustee's Contractor and Tendco shall have no remedy against the Trustee.

P.      Tendco is required to provide access to the Trustee's Contractor for the repair work from 6:30 a.m. until 2:30 p.m., or after 2:30 p.m. with the approval of Tendco. The Trustee's Contractor will have access to the working overhead door in Bay 2 to back-up his truck and unload materials.

Q.      Within seven (7) days of the Trustee's receipt of the initial payment of $207,000.00 from the Buyer, the Trustee shall pay to Tendco the amount of $35,000.00 in full satisfaction for all post-petition use and occupancy of the Premises by the bankruptcy estate.

R.      The Buyer shall be entitled to the protections afforded under Section 363(m) of the Bankruptcy Code.

6337289v3                                      5

S.     The Trustee is authorized to execute and deliver such documents and to do such

things as are necessary and appropriate and are reasonably requested by the Buyer to implement

and effectuate the sale of the Assets to the Buyer.

T.     The Bankruptcy Court shall retain jurisdiction to resolve any disputes arising

under or in connection with this Order.

EXECUTED THIS _9th_ DAY OF _September_, 2015.

_____
JOAN N. FEENEY
UNITED STATES BANKRUPTCY JUDGE

6337289v3                                    6

# EXHIBIT A

## CONTRACTOR/ SUPPLIER OR VENDOR
## FINAL AFFIDAVIT OF WAIVER OF LIEN AND CLAIMS

STATE OF:_____

COUNTY OF:_____

RE:   Contract between                                                    and

_____

**(First Tier Subcontractor)**

Related to the project known as

_____      **Building Repairs relating to removal of equipment from 29 Abbey Lane,
Middleboro, MA 02346 as a result of Bankruptcy Auction  Case NO. 15-11803-JNF**_____

Personally appeared before me, the undersigned Notary in and for the said State and County,
_____; _____, of _____
(Name)                                        (Title)                                  ( Contractor/Supplier/Vendor)

who being duly sworn, states, on oath that <u>Contractor/Supplier/Vendor has been paid in full for services
provided and/or materials supplied. Contractor/Vendor/Supplier agrees to waive and release any rights to
claim or lien against the project the Bankruptcy Trustee and the Tendco R&D Corp (property owner).</u>

I hereby acknowledge that the statements contained in the foregoing Release of Lien are true and correct.

Contractor/Supplier/Vendor:

_____
Name

_____
Signature

Sworn to and subscribed before me this                    _____
____Day of_____, 20____                       Date

_____
(Notary Public Seal)